KINGS COUNTY. — HON. A. H. DAILEY, SURROGATE. — December, 1877.

## GARVEY v. McCUE.

*In the matter of the accounting of the administrator of the estate of* CATHERINE McCUE, *deceased.*

The husband is liable for the funeral expenses of his deceased wife, and where he is pecuniarily solvent, they are not chargeab e upon the estate of his wife, as against her creditors.

An administrator, who swore that his deceased wife left an estate, received letters thereon, and filed his account in which certain moneys were returned as constituting the whole estate. *Held* that he was estopped, as against a creditor of the estate, from claiming the moneys as his own individual property.

JOHN GARVEY, a creditor of the deceased, Catherine McCue, sought to enforce the payment of a judgment held by him against her estate from the administrator, her husband.

The administrator filed his account, from which it appeared that there came into his hands from two savings banks funds standing in the name of his wife at her decease amounting to $297.67, which he claims to have expended in her funeral expenses, physician's

bills and counsel fees, together with $50.01 more than he received from the estate.

Objections were filed to this account and to the application of the estate of the deceased, by the husband, to the payment of the funeral expenses, upon the ground that it is the duty of the husband to pay these expenses from his own estate, he being shown to have means of his own sufficient for that purpose.

Certain charges, amounting to $43.60, were conceded to be incorrect.

The other charges, especially objected to, were for a wake, $47.00; for a priest, $10.00, and the charge of $187.87 for other funeral expenses.

BARRETT & PATTERSON *for the creditor.*

F. E. DANA, *for the administrator.*

THE SURROGATE.—I see no objections to any of these items, if I shall conclude they are properly chargeable in this case against the estate.

It appears that, according to the customs of the family and faith of the deceased, the attendance of a priest and a wake or gathering of friends and relatives preceding the burial are sustained, and, within reasonable limits, any expense attending the same allowed.

But the primary question here is as to the right of the husband of the deceased to charge his wife's estate with these expenses.

He claims before me that the money in bank was virtually his, which she received from his rents and deposited in her own name, but he made oath in court that she left an estate, and this money is returned as the whole estate.

I think he is estopped by his own acts from claiming this money as his or as not a part of her estate. If it was his there was no necessity of administering upon it.

Treating it as her estate, could he apply it to pay her funeral expenses?

While she lived he was liable for her support and the necessaries of life. Our statutes have made married women liable for debts of their own contracting, when for the benefit of or in relation to their separate estates, and they may sue or be sued alone in relation thereto.

They have not absolved the husband from his obligation to bury his wife, and the doing of that act and the expense attending it is primarily chargeable to him. I do not mean to intimate that this expense may not, in certain cases, be properly chargeable to the wife's estate, as where the wife dies whilst living separate from her husband, or has a separate estate and he is shown to be pecuniarily irresponsible.

In this case, let a decree be entered rejecting and disallowing the charges made by the administrator for the funeral expenses, as well as the other items above excluded, and decreeing the payment of the judgment of the contestant.