(52 Misc. Rep. 542)

## McCULLOUGH v. McCREADY et al.

(Supreme Court, Appellate Term. February 11, 1907.)

EXECUTORS AND ADMINISTRATORS—LIABILITY FOR EXPENSES OF WAKE.

Expenditures for a wake, made at the request of the widow of decedent who left no children, being reasonable, are recoverable of the executors as expenses of the funeral; they being proper in character.

Gildersleeve, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Joseph T. McCullough against Charles McCready and another, executors of Peter McCullough, deceased. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

William F. Clare, for appellant.

Joseph T. Ryan, for respondents.

MacLEAN, J. The complaint alleges that "at the request of decedent's widow, decedent having left no children, plaintiff, in the preparation for and in the performance of the burial of said decedent," the testator of the defendants and the uncle of the plaintiff, "and of the rites and ceremonies necessitated and required by the racial custom and sentiment of said decedent and of his relations and friends, expended moneys for certain materials in that behalf, all of which were necessary and suitable to decedent's condition in life, and of the reasonable value of seventy-one and $^{25}/_{100}$ dollars ($71.25), as appears by Schedule A hereto annexed." The defendants demur thereto on the ground that the complaint does not state facts sufficient to constitute a cause of action.

It is disclosed by the schedule, made part of the complaint, that the expenditures were for certain articles, delicatessen in their nature and for immediate consumption, inferably at a wake. Were the expenditures proper in character? is the question for present determination. Their reasonableness would be an issue arising upon answer. Disputes of such charges seem to have been rare, to judge from the single mention in the brief of counsel for the plaintiff, masterly in its sphere and much widening common knowledge respecting funeral rites, ceremonies, and attendant customs. A General Term of this Supreme Court has recognized (McCue v. Garvey, 14 Hun, 562) recognition of expenses for a wake by reversing a surrogate's decision (Garvey v. McCue, 3 Redf. Sur. 313) putting them upon the estate of a wife, instead of upon the husband. That the term "funeral" includes many circumstances and may cover varied outlays needs little search in books at hand. Thus apparel of mourning, not requisite as raiment, but commanded by custom and respect, has been allowed. Allen v. Allen, 3 Dem. Sur. 524. So, too, have been music and flowers. In re Ogden's Estate, 41 Misc. Rep. 158, 83 N. Y. Supp. 977. Indeed, it is of juridical learning in this state that:

" 'Funeral' embraces, not only the solemnization of interment, but the ceremonies and accompaniments attending; * * * ceremonies prompted by affection and * * * determined by the religious faith and sentiment of the friends of the deceased, * * * varying from the simple bier to the imposing catafalque, from the informal liturgical service or scriptural reading for the humble to the elaborate 'orisons funebres' attending the obsequies of the renowned."

Deferring to expositions of such authority, the judgment should be reversed, and the demurrer overruled, with leave to the defendants to answer upon the payment of the costs of this appeal and of the court below.

Judgment reversed, and demurrer overruled, with leave to defendants to answer upon the payment of the costs of this appeal and of the court below.

AMEND, J., concurs.

GILDERSLEEVE, J. (dissenting). The complaint in this action, as illuminated by the bill of particulars, alleges that plaintiff, a nephew of one Peter McCullough, deceased, at the request of the widow of said deceased, expended money for meat, groceries, wines, liquors, cigars, and other refreshments on the occasion of his uncle's wake, and demands judgment against the executors, in their representative capacity, that the outlay may be made a charge upon the estate. The demurrer by defendants, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, was sustained in the court below. The appeal to this court brings up the question of the sufficiency of the complaint. It appears from the allegations of the complaint that the expenses in question were incurred by a relative of the deceased, that they were independent of the undertaker's charges, and were not ordered or authorized by the executors of the will. There is no allegation that the executors failed to properly inter the body of the deceased. Where executors fail to bury the remains, the law implies a promise by them to pay one who provides a burial and incurs and pays the necessary expenses thereof. This obligation, according to the decisions, rests upon the right of every one to a decent burial after death. Our Revised Statutes (2 Rev. St. [1st Ed.] pt. 2, c. 6, tit. 2, § 16) recognize this duty, in that the executors are prohibited from any interference with the estate until after probate, except that they may discharge the funeral expenses. As was said in Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384:

"From this duty springs a legal obligation and from the obligation the law implies a promise to him who, in the absence or neglect of the executors, not officially, but in the necessity of the case, directs a burial and incurs and pays such expenses thereof as are reasonable."

The plaintiff herein did not direct the burial, nor did he pay the undertaker. His claim is exclusively for refreshments furnished for the wake. We can find no case where a recovery for a claim of this character has been sustained. The case of McCue v. Garvey, 14 Hun, 562, does not support the appellant's contention. The court in that case held that the necessary and proper expenses for the interment of a dead body are a charge upon his estate, and that the duty of burial rests primarily upon the personal representatives, and the law will imply a promise to pay him who, in the absence of such representatives or from the necessity of the case for any reason, incurs the expense of a proper burial. Should we sustain this complaint, we would impose upon executors the duty of supplying provisions, liquors, wines, and cigars at funeral obsequies. We are of opinion that refreshments on such occasions are not a right of either friends or relatives.

The judgment sustaining the demurrer should be affirmed, with costs.